Due to the unusual nature of this case before the Full Commission, an outline of its extended history is needed to properly comprehend the issues which have now arisen.
This case was heard before the Full Commission on 26 October 1994. On 1 March 1995 the Full Commission filed its Opinion and Award reversing Deputy Commissioner Garner's decision and finding plaintiff's injury to be compensable. The Full Commission denied a Motion to Reconsider its decision on 20 April 1995 and the case was then appealed to the North Carolina Court of Appeals on 15 May 1995. A routine Motion for an Extension of Time within which To Perfect the Record on Appeal was granted by Chairman J. Howard Bunn, Jr. on 13 June 1995. From that point forward, the unusual nature of this case emerged.
On 13 July 1995, pursuant to a proper Stipulation, Defendant-Carrier Royal Insurance Company, was dismissed as a party to the action. Thereafter, on 11 August 1995 the appeal to the North Carolina Court of Appeals was dismissed for failing to perfect the record.
For reasons unknown to the Full Commission as for the delay in doing so, on 28 August 1995 the Commission received notice that Defendant-Employer Princeton Manufacturing Company had retained counsel. On 25 September 1995 the Full Commission denied a Motion by Princeton Manufacturing Company to set aside its 13 July 1995 Order Dismissing Royal Insurance Company as a party-defendant. From the 25 September 1995 Full Commission Order along with the 13 July 1995 Order Princeton Manufacturing filed a Notice of Appeal to the North Carolina Court of Appeals on 25 October 1995. With the case on appeal once again, plaintiff's Motion for Sanctions was denied by the Full Commission on 31 October 1995 pending the outcome.
At some point following the Full Commission's 25 September 1995 Order and prior to 24 January 1996, some type of communication took place between counsel for Princeton Manufacturing and Deputy Commissioner Edward Garner, Jr. On 2 January 1996, what can be described as a "Proposed Affidavit" was sent to Deputy Commissioner Garner for his signature by counsel for Princeton Manufacturing. Neither Plaintiff's counsel nor counsel for Royal Insurance Company was sent a copy of the affidavit at that time. The Affidavit represents that defendant-employer did not receive proper notice for the 24 January 1994 hearing before Deputy Commissioner Garner from which, the Full Commission notes, defendant-employer prevailed.
Defendant-employer Princeton Manufacturing Company has now provided plaintiff and Royal Insurance Company copies of Deputy Commissioner Garner's Affidavit along with a formal Motion requesting that the Full Commission Set Aside its 1 March 1995 Opinion and Award.
After careful consideration, defendant-employer's 31 August 1995 Motion to Set Aside is hereby DENIED.
No further costs are assessed at this time.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
S/ __________________ LAURA K. MAVRETIC COMMISSIONER